UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NORMAN HANNA,

        Petitioner,                      Case Number: 2:10-CV-12007

v.                                        HONORABLE ARTHUR J. TARNOW

CAROL HOWES,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S
MOTION TO HOLD HABEAS PETITION IN ABEYANCE
AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Norman Hanna filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is currently released on parole, challenges his convictions for two counts of armed robbery. Now before the Court is Petitioner's Motion to Hold Habeas Petition in Abeyance. For the reasons stated, the Court will grant the motion and administratively close the matter.

**I.**

Petitioner pleaded guilty in Oakland County Circuit Court to two counts of armed robbery. He was sentenced to 29 months to 15 years in prison for each count, to be served concurrently.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

    I.      OV 10 was incorrectly scored at sentencing.

    II.     There was not probable cause for the stop and arrest of Appellant and therefore the Defendant's motion to suppress should have been granted.

The Michigan Court of Appeals denied leave to appeal. *People v. Hanna,* No. 291865 (Mich. Ct. App. June 30, 2009).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals, and the following additional claim:

> III.   Ineffective assistance of appellate counsel in not holding a *Ginther* [hearing] – to expand the existing record and for failing to argue the issue of *Apprendi*.

The Michigan Supreme Court denied leave to appeal. *People v. Hanna,* 485 Mich. 1043 (Mich. Jan. 22, 2010).

Petitioner then filed a habeas corpus petition. He raises the same claims raised in the Michigan Supreme Court. Now before the Court is Petitioner's Motion to Hold Habeas Petition in Abeyance.

## II.

Petitioner has filed a motion to hold these proceedings in abeyance so that he may return to state court to exhaust his third habeas claim. A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845, 119 S. Ct. at 1732

(internal quotation omitted).  Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner's third claim was presented for the first time in his application for leave to appeal to the Michigan Supreme Court.  A defendant has failed to "fairly present" an issue when it is raised for the first time when review is discretionary.  *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989).  An issue is not fairly presented when it is raised for the first time to the Michigan Supreme Court, and that court declines to exercise its right to discretionary review.  *See Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006).

A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition.  *See Rhines v. Weber*, 544 U.S. 269, 275-76, 125 S. Ct. 1528, 1534 (2005).  Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless."  *Id.* at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court.  He may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issues in the state appellate courts as necessary.  Staying a habeas corpus proceeding is appropriate where, as here,

the original petition was timely filed, but a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations.  *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).  The Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

Petitioner states that his unexhausted claim was not presented in state court because appellate counsel was ineffective.  The Court finds that Petitioner has asserted good cause for failing previously to present these claims.  In addition, the Court finds that his unexhausted claim is not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics.  *See Rhines*, 544 U.S. at 277-78.  Therefore, the Court stays further proceedings in this matter pending exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  *Id.* at 278.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court within sixty days from the date of this Order.  *See id.*  Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies.  *See id.*  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."  *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III.

Accordingly, **IT IS ORDERED** that Petitioner's Motion to Hold Habeas Petition in Abeyance [dkt. # 12] is **GRANTED**. Petitioner shall file a motion for relief from judgment in state court within sixty days from the date of this Order and a motion to lift the stay and amended petition in this Court within sixty days after the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: June 28, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 28, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary